# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LLOYD GREEN,<br><br>*Plaintiff*,<br><br>v.<br><br>BIG LOTS STORES, INC., d/b/a BIG LOTS, INC., STORE #1778; *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:17-cv-00344-TES-CHW |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff brought the instant slip-and-fall premises liability case in the State Court of Bibb County against Big Lots Stores, Inc. d/b/a Big Lots, Inc. ("Big Lots") and one John Doe defendant. [Doc. 1-2, pp. 4-15]. Big Lots removed the case to this Court and now moves for summary judgment. [Doc. 1; Doc. 22]. For the reasons that follow, Defendant's motion [Doc. 22] is **GRANTED**.

## FACTUAL BACKGROUND

The following facts are undisputed.[1] On the morning of August 20, 2015, Plaintiff Lloyd Green and his wife went to a Big Lots store in Macon, Georgia, to do some grocery

---

[1] Defendant submitted a statement of material facts in support of its Motion for Summary Judgment. Plaintiff filed no response to the statement of material facts, and those facts are therefore deemed admitted. *See* LR 56, MDGa ("The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine dispute to be tried. . . . All material facts contained in the movant's statement which

shopping. [Doc. 22-4, ¶¶ 1, 2]. The Greens entered the store shortly after 9:00 a.m. while the store was "just opening" and greeted a cashier, Jamie Hough, and the store manager, Waylon Loyd, who was "pushing a push broom in the aisles." [*Id.* at ¶¶ 3, 4; Doc. 26-4, Loyd Depo., pp. 10:12–11:8].

After shopping for a few minutes, the Greens entered the candy aisle, which was devoid of other people. [*Id.* at ¶ 5]. Mr. Green was facing the shelf, looking for M&Ms, when he felt his leg slipping out from under him. [*Id.* at ¶ 6]. Mr. Green testified that, as he fell, he saw a "flying object" in the air above his feet. [*Id.* at ¶ 7; Doc. 26-2, L. Green Depo., pp. 71:6–74:13]. After he fell, he asked Mrs. Green what the flying object was, and she said it was a dustpan, even though she did not actually see Mr. Green slip on the dustpan. [Doc. 22-4, ¶ 10; Doc. 26-2, L. Green Depo., p. 72:11-15]. She did testify, however, that "the dustpan went past [her]" as her husband fell. [Doc. 26-1, E. Green Depo., p. 26:8-24]. Neither of the Greens saw the dustpan on the floor before Mr. Green fell, despite there being nothing obstructing their view of the floor. [Doc. 22-4, ¶¶ 9, 10]. After Mr. Green's fall, the store manager, Waylon Loyd, testified that he came into the candy aisle and saw a dustpan "laying on the floor . . . near where [Mr. Green] was laying." [Doc. 26-4, Loyd Depo., pp. 30:11–31:4].

---

are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate.").

Mr. Loyd also testified that the store kept no cleaning logs and did not have regularly-scheduled cleaning and inspection times throughout the day, but he remembered "sweeping right at opening time" on the day of Mr. Green's fall. [*Id.* at pp. 14:10-16, 21:8-18]. Moreover, surveillance footage[2] from the day of Mr. Green's fall shows a store employee (either Mr. Loyd or Mr. Hough) sweeping the candy aisle approximately six minutes prior to Mr. Green's fall. [Doc. 25, 9:01:16AM–9:07:35AM].

## DISCUSSION

### A. Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As to issues for which the movant would bear the burden of proof at trial, the "movant must affirmatively show the absence of a genuine issue of material fact and support its motion with credible evidence demonstrating that no reasonable jury could find for the non-moving party on all of the essential elements of its case." *Landolfi v. City of Melbourne*, 515 F. App'x 832, 834 (11th Cir. 2013) (citing *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993)).

---

[2] To the extent "the video obviously contradicts Plaintiff's version of the facts, [the Court] accept[s] the video's depiction instead of Plaintiff's account." *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)). However, where the video evidence does not obviously contradict Plaintiff's version of the facts, the Court accepts Plaintiff's version and draws all reasonable inferences in Plaintiff's favor. *Id.* (citing *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008)).

As to issues for which the non-movant would bear the burden of proof at trial, the movant may (1) simply point out an absence of evidence to support the non-moving party's case or (2) provide "affirmative evidence demonstrating that the [non-movant] will be unable to prove its case at trial." *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant satisfies its burden, the burden shifts to the non-movant, who must "go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citing *Fitzpatrick*, 2 F.3d at 1115–17). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986)).

In Georgia, a premises owner or occupier is liable to invitees for "injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." Ga. Code Ann. § 51-3-1. In slip-and-fall cases arising under this code section, the plaintiff-invitee must establish (1) a hazard; (2) the defendant's actual or constructive knowledge of the hazard; (3) plaintiff's own lack of knowledge of the hazard, despite his exercise of ordinary care; and (4) an injury caused, in fact, by the hazard. *See Mucyo v. Publix Super Markets, Inc.*, 688 S.E.2d 372, 374 (Ga. Ct. App. 2009); *Futch v. Super Discount Markets, Inc.*, 536 S.E.2d 401, 402 (Ga. Ct. App. 1999); *Donastorg v. Rainbow USA, Inc.*, 802 S.E.2d 425,

427 (Ga. Ct. App. 2017). In this case, Big Lots argues that Mr. Green cannot establish that there was a hazard that caused his injury or that Big Lots had actual or constructive knowledge of any hazard. Although the Court disagrees with Big Lots' first argument, it holds that summary judgment is appropriate because there is no evidence that Big Lots had actual or constructive knowledge of the hazard.

    **B.**    <u>**The Existence of a Hazard and Causation**</u>

Big Lots first argues that it is entitled to summary judgment because "[t]he record is completely devoid of any evidence that would allow the jury to do anything but speculate as to what caused Plaintiff to slip and fall" since "[n]either Plaintiff nor his wife actually saw the allegedly hazardous condition (the dustpan) on the ground before Mr. Green's fall." [Doc. 22-1, p. 10]. This argument is flawed, because it charges Plaintiff and his wife with the duty of knowing what was on the floor *before* Plaintiff fell on it. However, such knowledge would undoubtedly defeat Plaintiff's claim, given that an owner must have "superior knowledge" of the hazardous condition in order for a premises liability plaintiff to have a claim, and the plaintiff's "equal or superior knowledge" of the hazard warrants a grant of summary judgment. *Houston v. Wal-Mart Stores East, L.P.*, 749 S.E.2d 400, 402 (Ga. Ct. App. 2013) (quoting *LeCroy v. Bragg*, 739 S.E.2d 1, 2-3 (Ga. Ct. App. 2013)) ("To prove a negligence in a slip-and-fall premises liability case, a plaintiff must show that . . . the plaintiff lacked knowledge of the hazard . . . . [W]e determine whether the record shows plainly, palpably, and without dispute

5

that the plaintiff had knowledge of the hazard equal to or superior to that of defendants . . . ."); *Williams v. Johnson*, 809 S.E.2d 839, 842 (Ga. Ct. App. 2018) (quoting *Orff v. Stonewood Rest. Grp., LLC*, 646 S.E.2d 702, 704 (Ga. Ct. App. 2007)) ("[A]s to premises liability claims, recovery is allowed only when the owner had knowledge and the invitee did not."). That is, if the plaintiff sees and appreciates the danger before his injury, he necessarily does not have the lack of knowledge that is essential to his claim. And, by agreeing with Big Lots' argument, the Court would unavoidably rule that a plaintiff loses both by having knowledge of the hazard and by having no knowledge of the hazard, a result that is both impractical and erroneous.

If, instead, Big Lots is arguing that Mrs. Green should have seen the dustpan and then allowed her husband to slip on it so that she could then identify it as the cause of his injuries, that argument also fails. Big Lots cites to no authority that requires anyone— either the plaintiff or someone else—to see the hazard before someone slips on it in order to establish that there was a hazard.

Finally, Big Lots relies on *Futch v. Super Discount Markets, Inc.*, 526 S.E.2d 401 (Ga. Ct. App. 1999), to support its argument that there is no evidence that the dustpan was the cause-in-fact of Mr. Green's injuries. In *Futch*, the plaintiff was at a supermarket looking at magazines on a magazine rack when she slipped and fell backwards onto the floor. 526 S.E.2d at 403. Big Lots primarily relies on *Futch* for its holding that the plaintiff's proximity to two undisturbed puddles was not sufficient to raise an issue of fact as to

causation. *Id.* at 405. However, the *Futch* court noted the following significant facts that are not present here: the plaintiff never, at any time, saw a puddle in front of the magazine rack where she was standing; she only saw two undisturbed puddles in front of another magazine rack "a little distance from where [she] was" after she fell; she did not cross in front of the other magazine rack before she fell; and she did not feel any wetness on her hands or clothes after she fell. *Id.* at 403-05. The court found that, in the aggregate, these facts tend to show that the plaintiff may have slipped on something or nothing at all. *Id.* at 405.

In this case, Mr. Green testified that he slipped and saw a "flying object" in the air above his feet. [Doc. 26-2, L. Green Depo., pp. 71:6–74:13]. Mrs. Green testified that "when [Mr. Green] slipped and fell, the dustpan went past [her]." [Doc. 26-1, E. Green Depo., p. 26:8-24]. The store manager, Waylon Loyd, testified that when he approached the aisle where Mr. Green fell, he saw a dustpan "laying on the floor. . . . near where [Mr. Green] was laying." [Doc. 26-4, Loyd Depo., pp. 30:11–31:4]. Unlike the facts in *Futch*, which were speculative and therefore incapable of leading to a reasonable inference of causation, these facts lead to the reasonable inference that Mr. Green slipped on, and was injured by, the dustpan. Accordingly, the Court finds that there is a genuine issue of fact regarding causation and denies Big Lots' motion as to this ground.

## C. Big Lots' Actual or Constructive Knowledge

Although Plaintiff presents sufficient evidence to support a jury's finding of causation, there is no evidence of Big Lots' actual or constructive knowledge of the hazard, which defeats Plaintiff's claim.

As previously explained, a plaintiff in a slip-and-fall case must prove that the premises owner or occupier had actual or constructive knowledge of the hazard that caused the plaintiff's injuries. If the plaintiff cannot establish actual knowledge, he can still avoid summary judgment by proving either (1) that a store employee was in the immediate vicinity of the hazard and could have seen it and removed it, or (2) that the hazard was present long enough that it would have been discovered and removed by store employees if they used reasonable care in inspecting and cleaning the premises. *Donastorg*, 802 S.E.2d at 427-28 (quoting *Johnson v. All Am. Quality Foods, Inc.*, 798 S.E.2d 274, 277 (Ga. Ct. App. 2017)); *Mucyo*, 688 S.E.2d at 374. With regard to the second prong, "a lack of actionable constructive knowledge may be established by presenting conclusive evidence that a customary inspection and cleaning program was in place and had been complied with on the day in question." *Drake v. Kroger*, 443 S.E.2d 698, 700 (Ga. Ct. App. 1994) (quoting *Foodmax v. Terry*, 436 S.E.2d 725, 726-27 (Ga. Ct. App. 1993) *disapproved of on other grounds by Robinson v. Kroger Co.*, 493 S.E.2d 403 (Ga. 1997)).

Here, Plaintiff argues that "Defendant had both actual and constructive knowledge of the dust pan on the floor on its premises." [Doc. 33, p. 12]. However,

Plaintiff presents no evidence that Big Lots had actual knowledge that the dustpan was in the aisle, and the Court "cannot and will not cull through an entire record to search for evidence that creates a disputed issue of fact." *Goode v. Wings of Alpharetta, Inc.*, No. 1:11-CV-1337-WSD-JSA, 2013 WL 997669, at *4 (N.D. Ga. Jan. 18, 2013).

As to Big Lots' constructive knowledge, Plaintiff argues that "Defendant had no regularly scheduled inspection routine for employees to check for safety hazards on the premises" and that "[t]here has been no documentation produced by Defendant to-date [sic] which demonstrates that any type of inspection was done to the aisle where Plaintiff fell on the date in question."[3] [Doc. 33, p. 10]. Although it is true that the store manager, Waylon Loyd, testified that the store kept no cleaning logs, and there is no evidence that the store had regular inspection times throughout the day, such evidence is unnecessary where "a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall," because in such cases, the Georgia courts "have held that the inspection procedure was adequate as a matter of law." *Brown v. Host/Taco Joint Venture*, 699 S.E.2d 439, 443 (Ga. Ct. App. 2010) (quoting *Markham v. Schuster's Enters.*, 601 S.E.2d 712, 713 (Ga. Ct. App. 2004)); *see also Mucyo*, 688 S.E.2d at 375; *Wallace v. Wal-Mart Stores, Inc.*, 612

---

[3] In support of his argument that Big Lots had constructive knowledge of the dustpan, Plaintiff also states that he "has already established that an employee of the Defendants was in the immediate area of the dustpan." [Doc. 33, p. 8]. But there is nothing preceding that statement to support it, and Plaintiff's statement of facts (which does not comport with this Court's local rules, *see* LR 56, MDGa) makes no mention of an employee being in the immediate vicinity of the dustpan. Again, the Court will not cull through the record in search of facts to support the parties' arguments and to prevent summary judgment. *See Goode, supra*.

9

S.E.2d 528, 531 (Ga. Ct. App. 2005) (granting summary judgment regardless of whether regular inspections occurred on the day of the accident because employees had been through the area of the fall 15 to 20 minutes prior); *Carlton v. Wal-Mart Stores, Inc.*, 234 F. Supp. 2d 1358, 1361-62 (S.D. Ga. 2002) (quoting *Medders v. Kroger Co.*, 572 S.E.2d 386, 388 (Ga. Ct. App. 2002) ("Yet, *regardless of any inspection program*, when a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, Georgia courts have held that the inspection procedure was adequate as a matter of law.") (emphasis added). The "brief period" necessary for a defendant to fall under this exception has in some cases exceeded 15 minutes. *See Carlton*, 234 F. Supp. 2d at 1362 n.2 ("'Brief amount of time' means upwards of 15 minutes."); *Wallace*, 612 S.E.2d at 531 n.7 (surveying cases from the Georgia Court of Appeals with inspections occurring two to 20 minutes prior to a slip and fall). In this case, Defendant submitted surveillance footage from the date of the accident that shows a store employee pushing a broom through the candy aisle less than ten minutes before Mr. Green entered the aisle, and another store employee is shown calling for an ambulance three minutes after Mr. Green entered the aisle. [Doc. 25, 9:01:16AM–9:10:46AM]. Such evidence establishes, as a matter of law, that Big Lots had adequate inspection procedures, despite there being no regular inspection schedule or regularly-kept cleaning logs. Accordingly, Plaintiff cannot establish that Big Lots had constructive knowledge of the dustpan, and this, along with Big Lots' lack of actual knowledge of the dustpan, warrants summary judgment in Big Lots' favor.

## CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment [Doc. 22] is **GRANTED**, and Plaintiff's claims are **DISMISSED**.[4]

**SO ORDERED**, this 2nd day of November, 2018.

S/ Tilman E. Self, III  
TILMAN E. SELF, III, JUDGE  
UNITED STATES DISTRICT COURT

---

[4] Plaintiff's punitive damages claim is derivative of his other negligence claims and cannot exist in their absence. *Wright v. DISH Network, LLC*, 714 F. App'x 951, 955 (11th Cir. 2017) (citing *D.G. Jenkins Homes, Inc. v. Wood*, 582 S.E.2d 478, 482 (Ga. Ct. App. 2003). Therefore, his claim for punitive damages is also dismissed.

Plaintiff also brought suit against a John Doe defendant. Because Plaintiff never amended his Complaint to identify this defendant and because the defendant has not been served, the Court lacks jurisdiction over him/her, and the claim against him/her is **DISMISSED without prejudice**. *See Slaughter v. City of Unadilla*, No. 5:06-cv-187 (CAR), 2008 WL 345794, at *1, 3 (M.D. Ga. Feb. 5, 2008).