IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LLOYD GREEN,<br><br>*Plaintiff*,<br><br>v.<br><br>BIG LOTS STORES, INC., d/b/a BIG LOTS, INC., STORE #1778; *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:17-cv-00344-TES |

### ORDER DENYING DEFENDANT'S MOTION
### FOR ATTORNEY'S FEES AND COSTS

The Court previously entered judgment in favor of Defendant Big Lots Stores, Inc., who now seeks an award of attorney's fees and costs under Ga. Code Ann. § 9-11-68 and Federal Rule of Civil Procedure 68. Plaintiff did not respond to Defendant's motion; however, for the following reasons, the motion is **DENIED**.

### FACTUAL BACKGROUND

Plaintiff claimed in his complaint that he slipped and fell at one of Defendant's stores as a result of Defendant's negligent maintenance of the premises. *See generally* [Doc. 1-2, pp. 4–15]. The Court granted summary judgment to Defendant, determining as a matter of law that Defendant had adequate inspection procedures in place and that it did not have superior knowledge of the hazard that allegedly caused Plaintiff to fall. [Doc. 36]. The Court subsequently entered judgment in Defendant's favor [Doc. 37], and

Plaintiff appealed [Doc. 40]. After the entry of judgment but before Plaintiff filed his notice of appeal, Defendant filed the instant motion for attorney's fees. [Doc. 38]. On January 2, 2019, the Court of Appeals for the Eleventh Circuit dismissed Plaintiff's appeal for want of prosecution. [Doc. 45]. As such, Defendant's motion for attorney's fees is now ripe for review. *See* Ga. Code Ann. § 9-11-68(d)(1) ("[I]f an appeal is taken from [a] judgment, the court shall order payment of [ ] attorney's fees and expenses of litigation only upon remittitur affirming such judgment."); *see also Houston Cty. v. Harrell*, 695 S.E.2d 29, 31 (Ga. 2010) (quoting *West v. Standard Accident Ins. Co.*, 168 S.E. 766, 767 (Ga. 1933)) (holding that the dismissal of a direct appeal results in "the usual consequence that the rulings of the lower court, by operation of law, stood as if affirmed.").

## DISCUSSION

### A. <u>Standard of Review</u>

As an initial matter, motions for attorney's fees in cases, like this one, that are before the Court on the basis of diversity jurisdiction are governed by state law. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) *amended on other grounds by* 311 F.3d 1077 (11th Cir. 2002); *see also American Family Life Assurance Co. of Columbus v. United States Fire Co.*, 885 F.2d 826, 832 (11th Cir. 1989) ("[A] federal court sitting in diversity should give effect to the forum state's rule regarding attorney's fees."). Accordingly, the Court considers whether Defendant is entitled to attorney's fees under Ga. Code Ann. § 9-11-68, which provides in relevant part:

> If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

Ga. Code Ann. § 9-11-68(b)(1).

To be entitled to attorney's fees under this provision, Defendant must have made an offer of settlement more than 30 days after it was served with a summons and complaint but not less than 30 days before trial. Ga. Code Ann. § 9-11-68(a). Defendant must have also

1. Made the offer in writing and stated in the offer that it was made in accordance with Ga. Code Ann. § 9-11-68;

2. Identified the party making the offer and to whom the offer was made;

3. Identified the claim(s) to be resolved by the offer;

4. Stated any conditions of the offer with particularity;

5. Stated the total amount of the offer;

6. Stated with particularity the amount offered to settle any claims for punitive damages;

7. Stated whether the offer included attorney's fees and expenses and whether these fees and expenses were part of the legal claim; and

8. Included a certificate of service with the offer and be served by certified mail or overnight delivery as required by Ga. Code Ann. § 9-11-5.

Section 9-11-68(a)(1)–(8). However, even if Defendant's offer satisfied the above requirements, the Court may deny an award of attorney's fees and costs if it determines that the offer was not made in good faith. Section 9-11-68(d)(2).

### B. Defendant Did Not Satisfy the Conditions of Ga. Code Ann. § 9-11-68(a)

Upon review of Defendant's settlement offer [Doc. 38-4], the Court determines that Defendant complied with all but one of the conditions of Section 9-11-68(a). Defendant made the offer in writing on May 7, 2018, over 30 days after being served with Plaintiff's Complaint (August 10, 2017). *See* [Doc. 1-2, p. 2]. Defendant specifically indicated in the letter that it was making the offer pursuant to Ga. Code Ann. § 9-11-68, that it was the party making the offer, and that Plaintiff was the party to whom the offer was being made. [Doc. 38-4, pp. 2–3, ¶¶ 1, 2]. Defendant's letter also stated that the offer was being made to "resolve all claims that Plaintiff has brought or could have brought" and explicitly lists the conditions of the offer. [*Id.* at pp. 3–4, ¶¶ 3, 5]. The offer letter included a settlement amount of $5,000.00, which "include[d] costs accrued to date." [*Id.* at p. 3, ¶ 4]. And, finally, Defendant accompanied the offer letter with a certificate of service and served the letter by overnight delivery. [*Id.* at pp. 6–7].

However, despite Defendant's representation that it "stated that the offer was inclusive of punitive damages," [Doc. 38-1, p. 4], Defendant failed to "state with particularity the amount proposed to settle a claim for punitive damages" as required by Section 9-11-68(a)(6). In his complaint, Plaintiff included a separate claim for punitive

4

damages "in excess of $100,000.00." [Doc. 1-2, p. 17, ¶ 38]. As such, Defendant's offer letter must have contained some particular indication of how much of the $5,000 proposed settlement amount Defendant intended to allocate to the punitive damages claim, even if that amount was nothing. *See Chadwick v. Brazell*, 771 S.E.2d 75, 78–9 (Ga. Ct. App. 2015). Defendant's general proposal to "resolve all claims that Plaintiff has brought or could have brought against Defendant," [Doc 38-4, p. 3, ¶ 3], is insufficient to comply with this requirement. *Cf. IVC US, Inc. v. Linden Bulk Transp. SW, LLC*, No. 4:15-CV-0120-HLM, 2017 WL 5248380, at *3–4 (N.D. Ga. May 31, 2017) (finding Defendant's offer to "settle any and all claims, including those for compensatory and general damages, punitive damages, attorney's fees, costs, expenses of litigation, and any other damages or costs . . . which have been or could have been asserted by Plaintiff against [Defendant]" to be noncompliant with Section 9-11-68(a)). Indeed, Defendant failed to even mention punitive damages in its offer letter or in the attached proposed settlement agreement. Thus, Defendant is not entitled to attorney's fees and expenses under Ga. Code Ann. § 9-11-68, and its Motion for Attorney's Fees and Costs [Doc. 38] is **DENIED**.

**SO ORDERED**, this 4th day of January, 2019.

s/ Tilman E. Self, III
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**